**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-20264-BLOOM/Elfenbein**

SANDRA PIEDRABUENA,

Plaintiff,

v.

JAFFE & ASHER LLP,
GREGORY GALTERIO,
GLEN P. BERGER,
ROCCO LUISI,

Defendants.
_________________________________/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendants Jaffe & Asher LLP ("J&A"), Gregory Galterio ("Galterio"), Glenn P. Berger ("Berger"), and Rocco Luisi's ("Luisi") (collectively, "Defendants") Motion to Dismiss Complaint for Lack of Subject Matter and Personal Jurisdiction ("Motion"), ECF No. [11], to which Plaintiff Sandra Piedrabuena filed a Response in opposition. ECF No. [15]. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, Defendants' Motion is granted.

## I. BACKGROUND

This matter arises from a dispute between Plaintiff and the law firm and attorneys who represented her in several matters.

### A. Arbitration Proceedings with Marc Abrams

According to Plaintiff, Defendants forced her into an arbitration proceeding that she did not consent to and refused to file a complaint or motions in federal court on her behalf. *See* ECF No. [1]. Plaintiff alleges "Marshall Potashner, a partner at Jaffe & Asher LLP . . . promised [that] his firm would immediately file in [ ] federal court to remove [P]laintiff from an arbitration"

Plaintiff had been dragged into by her spouse's brother, Marc Abrams. *Id.* at ¶ 18. Despite that promise, J&A later informed Plaintiff, "well over one month after they began work, that [P]laintiff had waived her rights to contest arbitration claiming[,] she only had 20 days after an arbitration commences to contest being compelled to binding arbitration." *Id.* at ¶ 22. Plaintiff asserts that the arbitration was not binding at that point, and that "the Federal Arbitration Act (FAA) sets the requirements" for whether a party may be compelled to proceed to arbitration. *Id.* at ¶ 23. Moreover, Plaintiff contends that "only a court can compel a person to arbitration and only with clear intent[,] which is interpreted under [f]ederal law [and require[s] clear written waiver of one's rights to a court trial." *Id.* at ¶ 24.

Notwithstanding the established precedent that courts have exclusive authority to determine whether arbitration is binding, "J&A provided no case law . . . to support such an absurd claim [that] plaintiff[,] a non-signatory to the underlying contract[,] and non-signatory to the arbitration agreement, could be compelled to arbitration by the arbitrator without a court order." *Id.* at ¶ 25. J&A also "provided false information as to [f]ederal law regarding arbitration requirements[,] claiming it did not apply to plaintiff and she was compelled to arbitration." *Id.* at ¶ 26. Not only did J&A give Plaintiff incorrect legal advice, but the firm also waited more than two months from when they were hired to file a motion to stay the arbitration proceedings. *Id.* at ¶ 29. According to Plaintiff, J&A waited until the eve of arbitration to file the motion to stay, knowing that it would fail "so they could generate legal fees with a complex arbitration hearing." *Id.* at ¶ 30. "J&A knew removing [P]laintiff from the arbitration [proceedings] would cause the arbitration case to be settled" quickly, and therefore, moving forward with arbitration would be much more profitable for the firm. During the firm's representation of Plaintiff, J&A "falsified invoices," "inflated hours," and "committed egregious malpractice." *Id.* at ¶ 46.

**B. Litigation With Marc Abrams**

In addition to the arbitration proceedings, Plaintiff was also "dragged into a [f]ederal [case by Abrams] for investment losses of a hedge fund [due to] deferred profit sharing." *Id.* at ¶ 47. J&A initially advised Plaintiff they would file a motion to dismiss the claims against her based on the following facts: (1) "[t]he case was filed well after the 6 year statute of limitations;" (2) "Plaintiff was never employed at the company[1];" and (3) "[n]o money was actually lost . . . [since the] gains were reduced as [the] fund declined in a value in a non-qualified plan." *Id.* at ¶ 50. However, J&A never filed the motion to dismiss despite Plaintiff's request to do so. *Id.* at ¶ 52. J&A later "falsely claimed their only role was to facilitate [Plaintiff's] document production, and therefore refused to take any substantive action in the case, including providing Plaintiff the link to participate in proceedings or informing the judge that Abrams had failed to comply with his discovery obligations.

After "J&A was released from representing [P]laintiff on the [f]ederal case," following its alleged misconduct, J&A decided not to inform Plaintiff that Abrams had filed a motion for default against her. *Id.* at ¶ 59. According to Plaintiff, "J&A was conspiring with Marc Abrams" to assist him in obtaining a default judgment against Plaintiff. *Id.* at ¶ 61. To that end, J&A purportedly helped Abrams oppose Plaintiff's motion to vacate default judgment by sharing private attorney-client communications with Abrams and later voluntarily having its managing partner testify "without the consent of Plaintiff," and without "a court order compelling [the] testimony." *Id.* at ¶¶ 63-64. Because J&A did not inform Plaintiff of the motion for default and actively assisted Abrams in obtaining the default judgment, it took Plaintiff more than five months and significant expenses to ultimately vacate the award. *Id.* at ¶¶ 73-74.

---

[1] The Complaint does not identify the company of which Plaintiff alleges she was not a part.

Due to this alleged misconduct, Plaintiff has asserted the following claims against Defendants: (Count I) Fraud; (Count II) Legal Malpractice and Professional Negligence; (Count III) Breach of Fiduciary Duty; (Count IV) Unjust Enrichment; (Count V) Negligent Supervision; and (Count VI) Negligent Misrepresentation. *Id.* at 9-13. Plaintiff contends this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the Federal Arbitration Act (FAA). *See id.* at ¶¶ 12-14.

Defendants seek to dismiss the Complaint, arguing that the Court lacks both subject matter jurisdiction and personal jurisdiction over this case. Defendants contend there is no federal question jurisdiction "because Plaintiff's claims all sound in [Florida] common law and there is no substantial question of federal law to be answered in this lawsuit." ECF No. [11] at 2; *see* ECF No. [12] at 6-8. According to Defendants, the only facts alleged that even potentially implicate federal law are the allegations that Defendants "purportedly failed to address the Federal Arbitration Act in the course of representing [Plaintiff] in a state court action and private arbitration proceeding." ECF No. [12] at 8. However, "even assuming this to be true[,] . . . the question of whether an attorney 'misread or disregarded federal law in such an unreasonable way so as to constitute legal malpractice in Florida is ultimately a question of state law."' *Id.* (quoting *Diaz v. Sheppard*, 85 F.3d 1502, 1505–06 (11th Cir. 1996)).

Defendants also point out that "J&A is a limited liability partnership," and as such, its citizenship is determined by the citizenship of each of its members. *Id.* at 9. Because the Complaint does not allege the citizenship of the individual members of J&A, Defendants contend that Plaintiff "necessarily fails 'to carry its burden of establishing diversity of citizenship."' *Id.* (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). Moreover, Defendants also assert that one of the members of J&A, "Spencer Gollahon, is a citizen

and resident of the state of Florida." *Id.* Since Plaintiff is also a citizen of Florida, there is a lack of complete diversity between Plaintiff and the Defendants, and therefore, the Court may not exercise diversity jurisdiction over this case. *Id.* at 9-10. As there is neither federal question nor diversity jurisdiction, nor does the Federal Arbitration Act establish an independent basis for subject matter jurisdiction, Defendants argue the Court must dismiss the Complaint for lack of jurisdiction. *See id.* at 1.[2]

While Plaintiff concedes there is no diversity jurisdiction, given that one of J&A's members is a citizen of Florida, Plaintiff maintains that the "Court has federal question jurisdiction under 28 U.S.C. § 1331." ECF No. [15] at 6. Plaintiff points out that her Complaint alleges that Defendants failed to properly challenge the "arbitrator[s] claimed authority to compel arbitration (in violation of the FAA), despite Plaintiff not signing the underlying business contract nor arbitration agreement." *Id.* Given that Defendants' failure to challenge the conduct forms the basis of Plaintiff's fraud and malpractice claims, Plaintiff argues "a substantial federal question [exists]: whether the arbitrator's claim of authority was valid under the FAA[.]" *Id.* Plaintiff maintains that while her claims "involve state-law elements, they are premised on Defendants' failure to challenge an invalid arbitration under the FAA, a federal statute, and the resulting deprivation of a constitutional rights[.]" *Id.* at 8. Accordingly, the *Grabel*/*Gunn* test is satisfied as "federal issues are (1) necessarily raised (FAA and Seventh Amendment violations are central to the claims0, (2) actually disputed (the validity of the arbitration is contested), (3) substantial (FAA interpretation and constitutional rights are significant), and (4) capable of resolution in federal court without disrupting federal-state balance." *Id.*

[2] While Defendants also make arguments with respect to the Court's lack of personal jurisdiction, the Court need not address those arguments as it finds that this case should be dismissed on subject matter jurisdictional grounds. *See* ECF No. [11] at 2.

Plaintiff also contends that her forced arbitration deprived her of her Seventh Amendment right to a jury trial and therefore "presents a constitutional issue and violation of the FAA under 28 U.S.C. § 1331. *Id.* at 6-7.[3]

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) challenges the district court's subject-matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence*, 919 F.2d at 1529). "'Factual attacks,' on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (quotation marks omitted); *see also Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("[A] factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.") (citation omitted)).

### B. Federal Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed

[3] Plaintiff also addresses Defendants' challenge to personal jurisdiction. However, because the Court finds that there is no subject matter jurisdiction, the Court does not consider the personal jurisdiction issue.

that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). Once a federal court determines that it is without subject matter jurisdiction, "the court is powerless to continue." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (S.D. Fla. 2023); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1332 (11th Cir. 2024) (quoting *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (internal quotations omitted)). With regard to federal question jurisdiction, the district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331; *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) ("federal jurisdiction generally exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Pursuant to the Court's diversity jurisdiction, this Court has original jurisdiction over all civil actions in which the matter in controversy exceeds $75,000.00 in value and is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Further, this Court has diversity jurisdiction over civil actions between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). This

type of jurisdiction requires *complete* diversity, meaning every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). If complete diversity is lacking, a federal court does not have subject-matter jurisdiction over an action pursuant to 28 U.S.C. § 1332. *Id.*

## III. DISCUSSION

### A. No Federal Question Jurisdiction or Jurisdiction by Specific Statutory Grant

To the extent Plaintiff seeks to bring her action pursuant to federal question jurisdiction, Plaintiff has not cited a statute that provides her with a cause of action to do so. Plaintiff has asserted claims of fraud, legal malpractice, breach of fiduciary duty, unjust enrichment, negligent supervision, and negligent misrepresentation, all of which are tort claims governed under Florida law. *See Kinsey v. King*, 257 F. App'x 136, 139 (11th Cir. 2007) ("Any state-law claims, including legal malpractice, arise out of [the defendant's] representation of the [plaintiffs] in negotiating a settlement agreement and his refusal to continue that representation after the [plaintiff] rejected that agreement. The district court lacks federal question jurisdiction over any such claims.") (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505–06 (11th Cir. 1996) (holding that no substantial question of federal law was required to be answered to determine the plaintiff's state-law legal malpractice, negligence, and breach of contract claims)); *Horn v. Ala. Power Co.*, Civ. Act. No.: 2:15-cv-286-WC, 2016 WL 1248923, at *3 (M.D. Ala. Mar. 30, 2016) (stating that fraud and breach of fiduciary duty are state law claims); *Jackson v. Fla. Dep't. of Children & Families*, Case No. 4:10cv123, 2010 WL 11565364, at *2 (N.D. Fla. Aug. 17, 2010) (noting that "negligent misrepresentation and negligent supervision" are state-law claims); *Collier v. Buckner*, 303 F. Supp. 3d 1232, 1277 (M.D. Ala. 2018) (same). Because the Complaint only asserts state law claims, Plaintiff's claims do not "arise" under federal law absent some significant underlying federal issue giving rise to federal question jurisdiction. A plaintiff's complaint "must 'claim a right to recover under the Constitution

and laws of the United States"' and "mere incantation that the cause of action involves a federal question is not always sufficient." *Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1274 (11th Cir. 2010) (quoting *Bell v. Hood*, 327 U.S. 678, 681 (1946)). Under the circumstances, Plaintiff's mere assertion that federal question jurisdiction exists, without more, is insufficient to invoke the Court's authority pursuant to § 1331.

The fact that Plaintiff's allegations implicate Defendants' interpretation of the Federal Arbitration Act does not alter the Court's conclusion that federal question jurisdiction is lacking. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see also Moore v. Chesapeake & Ohio Ry. Co.*, 291 U.S. 205, 212-15 (1934) (concluding that simply because part of the state law requires some analysis of federal law is insufficient to invoke federal jurisdiction). Indeed, as the Eleventh Circuit explained in *Diaz v. Sheppard*, 85 F.3d 1502, 1505–06 (11th Cir. 1996), "whether [defendants] misread or disregarded federal law in such an unreasonable way so as to constitute legal malpractice in Florida is ultimately a question of state law." 85 F.3d at 1505. Therefore, there is no substantial question of federal law in this case simply because Defendants allegedly misunderstood, incorrectly interpreted, or otherwise ignored the dictates of the Federal Arbitration Act during their representation of Plaintiff. Indeed, the Supreme Court in *Gunn v. Minton*, made clear that legal malpractice claims like the ones raised here do not raise significant federal issues because "the question is posed in a merely hypothetical sense: if [the plaintiff's] lawyers had raised a timely [ ] argument, would the result in the [ ] proceeding have been different." 568 U.S. 251, 261 (2013). "No matter how the state courts resolve that hypothetical 'case within a case,' it will not change the real-world result of the prior [ ] litigation." *Id.* The results of the arbitration and related federal litigation will remain the same. Consequently,

Plaintiff's state law claims do not fall into the '"special and small category' of cases in which arising under jurisdiction still lies." *Id.* (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

Moreover, the Federal Arbitration Act does not provide an independent basis for subject matter jurisdiction. *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) ("[T]he FAA does not contain its own statutory grant of jurisdiction and does not create federal question jurisdiction[.]"); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) ("As courts have long held, [ ] the FAA does not confer subject matter jurisdiction on federal courts. Instead, federal courts must have an independent jurisdictional basis to entertain cases arising under the FAA."). Accordingly, neither a federal question nor a specific federal jurisdictional statute provides the Court with subject matter jurisdiction.

**B. No Diversity Jurisdiction**

Based on the allegations in the Complaint, there is a lack of diversity jurisdiction. The citizenship of a limited liability partnership, unlike a corporation, is determined by the citizenship of each of its members, not the entity's principal place of business or the state in which it is incorporated. *See Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) ("[A] limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.'" *Id.* (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Accordingly, "[t]o sufficiently allege the citizenship of these unincorporated business entities, a party must list the citizenship of all the members of the limited liability company…." *Rolling Greens MHP, L.P.*, 374 F.3d at 1022.

Plaintiff alleges that Defendant J&A "is a law firm and limited liability partnership." ECF No. [1] at 2. Therefore, Plaintiff was required to list the citizenship of all the individual members of J&A to establish its citizenship. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Because Plaintiff did not do so and instead alleged that J&A is "organized under the law of the State of New York, with its principal place of business [in New York]," Plaintiff has "failed to carry its burden of establishing diversity of citizenship. ECF No. [1] at 2; *Rolling Greens MHP, L.P.*, 374 F.3d at 1022; *see also Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof.").

Furthermore, even if Plaintiff had alleged the citizenship of each of J&A's members, it appears there still would not be complete diversity. According to Defendants, at least one member of J&A is a citizen of Florida. *See* ECF No. [12] at 9. Because Plaintiff is also a citizen of Florida, Plaintiff is not completely diverse from all Defendants, and therefore, the Court may not exercise diversity jurisdiction over this case. *See* ECF No. [1] at ¶ 7; *see also J.C. Penney Corp., Inc., v. Oxford Mall, LLC*, 100 F.4th 1340, 1344 (11th Cir. 2024) ("For federal diversity jurisdiction to attach, all parties must be completely diverse.").

Since there is no federal question jurisdiction, diversity jurisdiction, or any other statute giving rise to the Court federal subject matter jurisdiction,[4] the Court must dismiss Plaintiff's

[4] The Court accordingly cannot exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. This provision permits federal courts to exercise supplemental jurisdiction over state-law claims "in any civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a); *see Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) (explaining supplemental jurisdiction "permits 'federal courts to decide certain state-law claims involved in cases raising federal questions' when doing so would promote judicial economy and procedural convenience") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348-49 (1988)).

Complaint without prejudice. *Stalley ex rel. United States*, 524 F.3d at 1232 ("[A] jurisdictional dismissal is entered without prejudice.").

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendants' Motion to Dismiss, **ECF No. [11]**, is **GRANTED**.
2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**.
3. The Clerk of Court shall **CLOSE** this case.
4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 27, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Sandra E. Piedrabuena, *Pro se*
7355 SW 104th Street
Pinecrest, FL 33156