**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-20264-BLOOM/Elfenbein**

SANDRA PIEDRABUENA,

      Plaintiff,

v.

JAFFE & ASHER LLP,
GREGORY GALTERIO,
GLEN P. BERGER,
ROCCO LUISI,

      Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Plaintiff Sanda Piedrabuena's ("Plaintiff") Motion to Vacate Dismissal Order and for Leave to Accept Filed First Amended Complaint ("Motion"), ECF No. [20]. Defendants Jaffe & Asher LLP ("J&A"), Gregory Galterio ("Galterio"), Glenn P. Berger ("Berger"), and Rocco Luisi's ("Luisi") (collectively, "Defendants") filed a Response in opposition, ECF No. [22], to which Plaintiff filed a Reply. ECF No. [23]. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied.

## I.    BACKGROUND

This matter arises from a dispute between Plaintiff and the law firm and attorneys who represented her in several matters. Based on the attorneys' and the firm's alleged misconduct in those matters, Plaintiff originally asserted the following claims against Defendants: (Count I) Fraud; (Count II) Legal Malpractice and Professional Negligence; (Count III) Breach of Fiduciary Duty; (Count IV) Unjust Enrichment; (Count V) Negligent Supervision; and (Count VI) Negligent Misrepresentation. *Id.* at 9-13. Plaintiff argued this Court had subject matter jurisdiction pursuant

to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the Federal Arbitration Act (FAA). *See id.* at ¶¶ 12-14.  Defendants filed a motion seeking to dismiss the Complaint, arguing that the Court lacks both subject matter jurisdiction and personal jurisdiction over this case. ECF No. [11]. On May 27, 2025, the Court dismissed the Complaint for lack of subject matter jurisdiction, finding Plaintiff's claims failed to give rise to federal question jurisdiction, and the parties lacked diverse citizenship.[1] *See* ECF No. [16].

Plaintiff now seeks to vacate the Court's Order because she claims that she filed her Amended Complaint prior to the Court dismissing the case. ECF No. [20] at 1-2. According to Plaintiff, although she timely filed the Amended Complaint, the Clerk's office did not upload her *pro se* filing to the docket until after the Court had already issued its Order. *See id.* Not only was her Amended Complaint timely filed, but Plaintiff also argues that she has now cured the jurisdictional defect by alleging that Defendants' fraud deprived her of her Seventh Amendment right to a trial by jury. *See id.* at 2.

Defendants oppose Plaintiff's Motion, arguing that the Court was correct in concluding that Plaintiffs' Florida law and Federal Arbitration Act claims failed to establish jurisdiction. ECF No. [22] at 1. Moreover, Defendants contend that Plaintiff's Seventh Amendment allegations do not cure the jurisdictional defect because "[t]he law is clear that a plaintiff cannot invoke the Seventh Amendment as a basis for federal question." *Id.* Accordingly, Defendant maintain that Plaintiff's Motion seeking to vacate the Court's Order and for leave to amend must be denied. *See id.* at 2.

---

[1] Plaintiff conceded there was no diversity jurisdiction. *See* ECF No. [15] at 6.

## II.   LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 15

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "[a] district court need not . . . allow an amendment where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, '[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'") (citation omitted).

## III.   DISCUSSION

Regardless of when Plaintiff's proposed amended complaint was filed, there is no basis for the Court to vacate its Order of Dismissal or grant leave to amend the Complaint because Plaintiff's proposed amendment would be futile. *Fernandez v. Colombo*, No. 20-CV-20572, 2020 WL 1166731, at *1 (S.D. Fla. Mar. 11, 2020). As Plaintiff acknowledges, the "central focus of Plaintiff's [A]mended [C]omplaint is fraud" which purportedly deprived her of her Seventh Amendment rights. ECF No. [23]. However, merely alleging a violation of Plaintiff's right to a jury trial does not cure the jurisdictional defect. *See Reeves v. Torres*, Case No: 2:13–cv–708–

FtM–29UAM, 2013 WL 12166338, at *1 (M.D. Fla. Oct. 13, 2013) ("The Seventh Amendment addresses the right to a jury trial in suits at common law, but does not provide a basis for an action or subject-matter jurisdiction."); *Sweetwater v. Barfield*, No. 1:14-CV-00233-SCJ, 2014 WL 12860079, at *5 (N.D. Ga. June 10, 2014) ("Defendant is not entitled to a federal trial by jury on these issues because, as discussed above, this action could never properly be removed to federal court in the first place."); *Donaldson v. New York City Dep't. of Educ.*, No. 09–CV–2816, 2010 WL 935560, at *3 (E.D.N.Y. Mar. 12, 2010). Accordingly, because the Court has already found that Plaintiff's remaining claims do not give rise to a federal question, there would still be no subject matter jurisdiction over this case even if the Court permitted the proposed amendment. As such, granting leave to amend would be futile.

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Plaintiff's Motion to Vacate and Request for Leave to Amend, **ECF No. [20]**, is **DENIED**.

2. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 2, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

Sandra E. Piedrabuena, *Pro se*
7355 SW 104th Street
Pinecrest, FL 33156